UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COUNTY COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA, STATE
OF FLORIDA and OFFICER A. FERRI,

    Plaintiffs,

v.                                                  Case No:   6:16-cv-18-Orl-18TBS

NOBLE MARKUSH BEY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

This case comes before the Court on Defendant's Motion for Extension of Time to Pay the Filing Fee (Doc. 6) and Motions for Leave to Proceed In Forma Pauperis/Affidavit of Indigency (Docs. 8 and 9[1]).  For the reasons stated below, I respectfully recommend that the motions be denied and the case dismissed without leave to amend.

### Background

On January 26, 2016, Defendant filed papers purporting to remove a state criminal traffic court action to this Court.  Defendant's "Legal Notice of Removal" consists of a series of ramblings but, generally asks the Court to review the constitutionality of a criminal traffic citation issued to Defendant by a Florida Highway Patrol Officer (Doc. 1 at 3).  I searched the Ninth Judicial Circuity Court in and or Orange County Florida Clerk of Court's online records for the case number provided by Defendant (2015-CT-002214-A-W) using his legal name, Lloyd Mark Townsend, and learned that Defendant has been

---

[1] This motion appears to differ from the motion at Docket Entry 8 only in the fact that it is notarized.

charged with driving under the influence, which is a first degree misdemeanor.[2]   The case is now pending before Orange County Judge Andrew L. Cameron.   In his Notice, Defendant lists the following individuals and entities as "Plaintiffs:" the "County Court of the Ninth Judicial Circuit, in and for Orange County, Florida ... an unconstitutional, private corporation, not delegated by Congress;" Officer A. Ferri; and the State of Florida (Id. at 2-3).

Defendant claims, among other things, that Plaintiffs violated his right to travel upon the public highways in his automobile and ticketed him even though he is not subject to their jurisdiction (Id. at 6-7, 9).   The remainder of his removal notice consists of countless case quotations on topics ranging from the constitutionality of certain behavior to pronouncements on international law and treaties (Id. at 4-10).   Defendant seeks the following relief from this Court: (1) enforce "The Divine Constitution and By-Laws of the Moorish Science Temple of America," (2) grant him due process, as protected by the 4th and 5th Amendments, (3) pursue criminal charges against Plaintiffs, (4) expunge his traffic citation, (5) force the "immediate Recusal of Office" for any Plaintiff "found guilty of the charges" herein, (6) award him damages against all Plaintiffs in an amount in excess of $75,000 (Id. at 10-11).

## Discussion

The current petition fails to allege a basis for the Court's jurisdiction and fails to allege any injury that can be remedied by this Court.   There is no complaint, no proper notice of removal, and no copies of underlying state court records.   Consequently, the

---

[2] https://myeclerk.myorangeclerk.com/CaseDetails?caseId=9435034&caseIdEnc=rUBAKelqu3jvQcrpHAVMeV1kY0sOIgCe9sA%2BkieLT7hF%2BEN8zM%2FGRtiYVjj0RNeL96hqKj%2Fh5c%2F7IxENasj3ig%3D%3D

petition violates Federal Rules of Civil Procedure 3, 8(a), as well as Title 28 U.S.C §§ 1331, 1332, 1449 and 1455.

    A. <u>Failure to Establish Subject Matter Jurisdiction</u>

Defendant sought an extension of time to pay the filing fee (Doc. 6). Then he petitioned the court to permit him to proceed *in forma pauperis* (Docs. 8, 9). Regardless of whether he pays a filing fee or seeks to pursue the action *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own motion. See id. Defendant has invoked the Court's jurisdiction so we look to his removal papers. See U.S. Bank Nat. Ass'n. v. Major, No. 07-14064, 2007 WL 3121566, at *1 (E.D. Mich. Oct. 23, 2007). Defendant has not shown that the Court has subject matter jurisdiction over this action.

Federal district courts are courts of limited jurisdiction. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction ... 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress.") (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Parties seeking to invoke the Court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review [on its own motion]

whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011); Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). The removing party bears the burden of demonstrating that federal jurisdiction exists. Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); Pretka v. Kolter City Plaza II, 608 F3d 744, 752 (11th Cir. 2010); Lewis v. Melbourne Hous. Auth., No. 6:09-cv-1457-Orl-28DAB, 2009 WL 2988899, at *2 (M.D. Fla. Sept. 17, 2009).

In his Notice, Defendant states numerous times that Plaintiffs have violated the Constitution and he offers a string of random, unconnected case citations to support this contention. Merely referencing Constitutional amendments is insufficient to withstand dismissal of the case. Defendant has not alleged the existence of diversity jurisdiction and his allegations of federal question jurisdiction are inadequate. Therefore, I respectfully recommend that this case be dismissed because Defendant has failed to allege the basis of the Court's subject matter jurisdiction.

B. Frivolous Claim and Failure to State a Cause of Action

None of the statements contained in Defendant's notice of removal even remotely resemble a cognizable cause of action. To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of the respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the

pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Defendant has failed to attach a copy of a complaint to his notice of removal. He has also not alleged the elements of any claim, nor has he sought any relief that can be provided by this Court. His claim that the state court is unconstitutional and does not have jurisdiction over him is an issue to be decided by the state court. Because Defendant has failed to allege the existence of a cause of action, this case is due to be dismissed for Defendant's failure to state a cognizable claim. Cf. Gregg v. Woods, No. 2:07-cv-01131-WKW, 2008 WL 54913, at *1 (M.D. Ala. Jan. 3, 2008).

Even if the Court were to construe the allegations in the Notice as a pleading, Defendant's proffer would still be deficient. His contention that Plaintiffs violated the Constitution by issuing him a traffic citation is without merit. Similar arguments have been consistently rejected by federal courts as patently frivolous. See Juiad v. Pringle, No. CIV S-11-0563 KJM DAD PS, 2011 U.S. Dist. LEXIS 131169, at *3 (E.D. Cal. Nov. 9, 2011) ("the suggestion that there is federal question jurisdiction over a dispute involving a traffic citation is patently frivolous"); Burditt v. City of Austin Mun. Court, Case No. A-10 CA-444 SS, 2010 U.S. Dist. LEXIS 66316, at *2-3 (W.D. Tex. July 2, 2010).

### Recommendation

For these reasons, I respectfully recommend that all of Defendant's motions be **DENIED**. Given the obvious lack of merit in Defendant's allegations, I find that leave to amend would be futile. Kuder v. Wash. Mut. Bank, No. CIV S-08-3087 LKK DAD PS, 2009 WL 2868730, at *3 (E.D. Cal. Sept. 2, 2009); Roller v. Dept. of Justice, No. 6:13-cv-1770-Orl-36KRS, 2014 WL 2744814, at *1, 3 (M.D. Fla. June 17, 2014); Cotrich v.

Gibbart, No. 6:05-cv-294-Orl-28KRS, 2013 WL 1881537, at *6, 9 (M.D. Fla. April 18, 2013).   Therefore, I respectfully recommend that this case be **DISMISSED WITH PREJUDICE**.

### Notice to Parties

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on March 23, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

United States District Judge
Unrepresented Parties